UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DUANE WOODMAN,**

**Appellant,**

**v.**                                                                    **Case No: 6:14-cv-1556-Orl-41**

**U.S. BANK,**

**Appellee.**

_____/

## ORDER

THIS CAUSE is before the Court on appeal from the United States Bankruptcy Court for

the Middle District of Florida's Order Denying Motion for Reconsideration (Doc. 1-2), declining

to reverse its prior Order Granting US Bank's Motion for Relief From Stay (Ex. A to Appellee's

Br., Doc. 41). For the reasons set forth herein, the Court will dismiss this appeal as moot.

### I.    APPELLATE JURISDICTION

"The district courts of the United States shall have jurisdiction to hear appeals . . . from

final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). "[T]o be final,

a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim,

including issues as to the proper relief." *Barben v. Donovan* (*In re Donovan*), 532 F.3d 1134,

1136–37 (11th Cir. 2008) (quotation omitted). "An order that grants or denies reconsideration of

an otherwise final order is itself a final, appealable order." *Rodriguez v. Murphy*, No. 13-23363-

CIV, 2014 WL 1414424, at *2 (S.D. Fla. Apr. 11, 2014). "A stay-relief order is a final order that

is immediately appealable." *Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 862

(11th Cir. 2010) (per curiam).

In its appellate capacity, a district court reviews legal conclusions of the bankruptcy court *de novo* and findings of fact for clear error. *Claremont McKenna Coll. v. Asbestos Settlement Fund* (*In re Celotex Corp.*), 613 F.3d 1318, 1322 (11th Cir. 2010). Additionally, a bankruptcy court's evidentiary and discretionary rulings are reviewed only for an abuse of discretion. *See Curtis v. Perkins* (*In re Int'l Mgmt. Assocs., LLC*), 781 F.3d 1262, 1265 (11th Cir. 2015) (per curiam); *Lorenzo v. Wells Fargo Bank, N.A.* (*In re Lorenzo*), 518 B.R. 92, 94 (S.D. Fla. 2014).

## II.  BACKGROUND

Appellant decided to move to Florida from California in 2009. (Hr'g Tr., Doc. 11-2, at 6:22–7:3, 7:23–8:5). As a result of this decision, he began seeking housing in Florida. (*Id.* at 12:7–21). Around that time, Appellant met Arlette de Andrade through an online discussion forum on the mortgage foreclosure crisis. (*Id.* at 13:5–9, 14:5–7, 14:15–25). Ms. de Andrade informed Appellant that she had a house for rent in the Kissimmee, Florida area. (*Id.* at 15:4–10, 15:21–25, 24:23–25). Appellant contacted Ms. de Andrade to discuss what she would charge per month to rent the house. (*Id.* at 20:25–21:19). Although Ms. de Andrade originally requested $600 to $650 per month, (*id.*), Appellant ultimately signed a lease requiring him to pay $250 per month, (Lease, Ex. A to Woodman Aff., Doc. 2-1, at 13). The lease further allowed Appellant to renew his term, without a raise in the monthly rent, up to November 2019. (*Id.* at 17).

At the time Appellant signed the initial lease in November 2009, (*id.* at 9, 16), Appellee was in the process of foreclosing on the mortgage on the house in state court, (State Ct. Docket, Doc. 4-1, at 10, 19). Accordingly, the lease included the following disclosure: "Tenant acknowledges that they [sic] are hereby notified that this property is, or may be in the near future, in a foreclosure fraud case and or [sic] mortgage agreement dispute." (Lease at 16). Appellee obtained an order of Final Summary Judgment of Mortgage Foreclosure against Ms. de Andrade

and her tenants on January 14, 2010. (Order of Final Summ. J., Doc. 5-1, at 2–7). Appellee purchased the house at a judicial foreclosure sale thereafter. (Certificate of Sale, Doc. 5-1, at 9). Appellee sent notice of the sale to the tenants and required either that they vacate the premises or provide proof of any defense they had to an immediate eviction. (Notice of Sale, Doc. 5-1, at 16–17).

Appellant sought protection for himself and a co-tenant in state court. (*See, e.g.*, Emergency Pet., Doc. 5-1, at 32). Appellant asserted protection under the Protecting Tenants at Foreclosure Act ("PTFA"), which provides certain defenses to eviction proceedings for tenants residing in foreclosed properties. (*Id.*). After extensive proceedings in the state court, (*see generally* State Ct. Docs., Doc. 5-1, at 36, 41–55; State Ct. Docs., Doc. 6-1, at 2–17, 37–41), Appellant filed a voluntary petition for bankruptcy in the Middle District of Florida, (Bankr. Ct. Docket, Doc. 1-1, at 1). Pursuant to 11 U.S.C. § 362(a), the state court eviction proceedings against Appellant were automatically stayed and the state court issued an order vacating the writ of possession previously issued in favor of Appellee. (Order Vacating Writ of Possession, Doc. 6-1, at 44).

Appellee moved the Bankruptcy Court to grant it relief from the automatic stay so that it could proceed with the eviction proceedings in state court. (*See* Bankr. Ct. Docket at 5). The Bankruptcy Court held an evidentiary hearing on the motion, (*see* Hr'g Tr. at 3:15–17), and issued an order granting Appellee relief from the stay, (Order Granting Mot. for Relief from Stay at 6–7). Appellant filed a Motion for Reconsideration (Doc. 1-5), which was denied, (Order Denying Motion for Reconsideration at 1). Appellant appeals from the Order Denying Motion for Reconsideration. (Am. Notice of Appeal, Doc. 1-3, at 1).

### III.   ANALYSIS

Pursuant to the 11 U.S.C. § 362(a), an automatic stay goes into effect when a debtor files

bankruptcy that prevents creditors from taking action against the debtor. However, "[o]n request

of a party in interest and after notice and a hearing, the [bankruptcy] court shall grant relief from

the stay . . . for cause." *Id.* § 362(d)(1). Here, the Bankruptcy Court held that Appellee's "desire to

terminate the tenancy and evict [Appellant] is sufficient 'cause' . . . to lift the automatic stay."

(Order Granting Mot. for Relief from Stay at 6 (citing 11 U.S.C. § 362(d)(1))). The Bankruptcy

Court's determination was based on its finding that Appellant was not entitled to protection under

the PTFA. (*Id.*). On appeal, Appellant has challenged only the Bankruptcy Court's determination

that his lease is not protected by the PTFA and a variety of evidentiary and discretionary rulings

of the Bankruptcy Court related to the hearing on Appellee's request for relief from the automatic

stay.

The PTFA was enacted in 2009 in response to the mortgage foreclosure crisis. It provided

certain relief to bona fide tenants holding bona fide leases in rental properties that were foreclosed

upon, including the right to continue to occupy the premises for the remainder of the lease term.

Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111-22, § 702(a), 123 Stat. 1632, 1660–

61 (codified as amended at 12 U.S.C. § 5220 note). However, the "the requirements under [the

PTFA] . . . terminate[d] . . . on December 31, 201[4]." *Id.* at § 704, 123 Stat. at 1662, *amended by*

Pub. L. No. 111-203, § 1484(2), 124 Stat. 1376, 2204 (2010). Many courts have recognized that

the PTFA did not provide a private cause of action, *see Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d

1163, 1169 (9th Cir. 2013); *Shaikh v. Fannie Mae*, No. 6:10-cv-1032-Orl-28GJK, 2010 WL

3734851, at *2 (M.D. Fla. Aug. 19, 2010), *adopted*, 2010 WL 3734849, at *1 (M.D. Fla. Sept. 23,

2010), but rather was a defense to eviction proceedings, *see Wells Fargo Bank v. Lapeen*, No. C

11-01932 LB, 2011 WL 2194117, at *1 (N.D. Cal. June 6, 2011). Therefore, when the law ceased

to be in effect, any and all defenses provided thereby also ceased to hold any legal applicability.

Thus, Appellant would not be able to argue on remand that the PTFA is applicable his lease.

Appellant has raised only the applicability of the PTFA as a defense to the lifting of the

automatic stay pursuant to § 362(d)(1).[1] Because the PTFA is no longer a viable defense, the issue

before the Court, whether the Bankruptcy Court erred in its application of the PTFA to Appellant's

lease, has been rendered moot. As all points of error assigned by Appellant relate, ultimately, to

the propriety of the Bankruptcy Court's decision in regards to the PTFA, this appeal has been

rendered moot as well. "By its very nature, a moot suit 'cannot present an Article III case or

controversy and the federal courts lack subject matter jurisdiction to entertain it.'" *Nat'l Advert.*

*Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (per curiam) (quoting *Coral Springs*

*St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004)). "In other words, federal

courts lack jurisdiction to hear and decide cases where changes in the law have rendered the case

moot." *Id.* Accordingly, the termination of the PTFA on December 31, 2014, rendered this appeal

moot and the Court must dismiss it for lack of subject-matter jurisdiction.

## IV.    CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that this

appeal is **DISMISSED as moot**. The Clerk is directed to terminate all pending motions and close

this case.

---

[1] Although the Bankruptcy Court discusses Appellee's standing to seek relief, (*see* Order Granting Mot. for Relief from Stay at 2–4), Appellant has not challenged this ruling and did not raise this issue either in his Motion for Reconsideration or in his brief before this Court. Accordingly, this Court will not address the issue *sua sponte* on appeal. *See Mazon v. Tardif* (*In re Mazon*), 395 B.R. 742, 747 (M.D. Fla. 2008).

**DONE** and **ORDERED** in Orlando, Florida on August 25, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party